UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LIBERTY MUTUAL PERSONAL INSURANCE COMPANY, 175 Berkeley St. Boston, Massachusetts 02116, <br><br> Plaintiff, <br><br> v. <br><br> PHOENIX LICENSING, L.L.C., 10947 East Lillian Lane Scottsdale, Arizona 85255, and LPL LICENSING, L.L.C., 10947 East Lillian Lane Scottsdale, Arizona 85255, <br><br> Defendants. | Civil Action No. _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

1. Plaintiff Liberty Mutual Personal Insurance Company ("Liberty Mutual Personal") brings this action against Phoenix Licensing, L.L.C. ("Phoenix") and LPL Licensing, L.L.C. ("LPL") (collectively, "Defendants"), for a declaratory judgment that United States Patent Nos. 6,999,938 ("the '938 patent") and 7,890,366 ("the '366 patent") are invalid and/or not infringed by Liberty Mutual Personal.

## PARTIES

2. Plaintiff, Liberty Mutual Personal, is a corporation organized under the laws of Massachusetts, with its principal place of business located at 175 Berkeley St., Boston, Massachusetts 02116.

3. Liberty Mutual Personal is an insurance company which markets, offers, and services insurance policies to individuals in Massachusetts.

4. Defendant Phoenix is an Arizona limited liability company having a principal place of business at 10947 East Lillian Lane, Scottsdale, Arizona 85255.

5. Defendant LPL is a Delaware limited liability company having a principal place of business at 10947 East Lillian Lane, Scottsdale, Arizona 85255.

6. Defendant Phoenix claims to own the '938 patent, entitled "Automated Reply Generation Direct Marketing System," which issued on February 14, 2006. The '938 patent generally relates to systems and methods for replying to inquiries regarding financial products and services

7. Defendant Phoenix claims to own the '366 patent, entitled "Personalized Communication Documents, System And Method For Preparing Same," which issued on February 15, 2011. The '366 patent generally relates to systems and methods for generating client communication documents involving financial products and services.

8. Defendant Phoenix also claims to own U.S. Patent Nos. 5,987,434 ("the '434 patent") and 6,076,072 ("the '072 patent"), which are related to the '938 patent and the '366 patent (collectively these four patents are referenced to as the "Phoenix patents" or "Phoenix patent portfolio").

9. Upon information and belief, Defendant Phoenix's principal business is the ownership, licensing, and enforcement of patents. Upon information and belief, Defendant Phoenix does not practice the Phoenix patents.

10. Defendant LPL is the exclusive licensee of the Phoenix patents. LPL acts as the licensing agent of its principal Phoenix in efforts to enforce and license the Phoenix patents.

11. Upon information and belief, Defendant LPL's principal business is licensing and enforcing patents owned by, and licensed from, Defendant Phoenix. Upon information and belief, Defendant LPL does not practice the Phoenix patents.

## JURISDICTION AND VENUE

12. The claims asserted in this Complaint arise under the Patent Laws of the United States, 35 U.S.C. § 100, *et seq.*, and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and are brought for a declaration by this Court that the '938 and '366 patents are invalid and/or not infringed by Liberty Mutual Personal.

13. This Court has jurisdiction over the claims asserted in this Complaint under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

14. This Court has personal jurisdiction over Defendants. Upon information and belief, Defendants' principal line of business is the licensing and enforcement of the patents owned by Phoenix and licensed by Phoenix's exclusive licensee and licensing agent, LPL, and this business has been conducted in this judicial district. Upon information and belief, Defendants have purposefully directed and conducted activities related to their principal line of business within this judicial district, including, without limitation, negotiation of and efforts to negotiate licenses of the Phoenix patents (including the '938 patent and the related patent application that became the '366 patent upon issuance), negotiation of and efforts to collect payments for past activities of financial services companies as compensation for patent infringement, and threats to enforce the Phoenix patents (including the '938 patent, the '434 patent, and the '072 patent). Upon information and belief, representatives of Defendants have engaged in their principal line of business activity, including through said negotiations and threats, within this judicial district. Additionally, by asserting invalid patents that have not been

infringed, upon information and belief, Defendants have caused injury to businesses operating within this judicial district that Defendants have accused of infringement. Upon information and belief, Defendants have also caused injury to customers within this judicial district of businesses who have purchased financial services subject to licenses to the invalid patents.

15. Venue is proper in this judicial district under 28 U.S.C. § 1391.

## BACKGROUND

16. Upon information and belief, Defendants have asserted infringement of the Phoenix patent portfolio against over one hundred companies in the insurance and financial services industry over the past eight years.

17. On June 13 and 14, 2011, Defendants sued a total of 85 insurance and financial services companies, in two separate lawsuits, for infringement of the Phoenix patents in the Eastern District of Texas.

18. On June 13, 2011, Defendants filed Case No. 2:11-cv-285 in the Eastern District of Texas, Marshall Division ("the Texas Action"), accusing 26 companies, including an affiliate, sister company, of Liberty Mutual Personal – Liberty Mutual Insurance Company ("LMIC") – of patent infringement with respect to the '938 and '366 patents. Liberty Mutual Personal is neither a direct or indirect subsidiary of LMIC nor a direct or indirect parent of LMIC.

19. Liberty Mutual Personal does not do business in Texas and is not licensed to do business in Texas. Liberty Mutual Personal has no offices in Texas and no representatives that conduct business in Texas. Liberty Mutual Personal does not purposely avail itself of the benefits and protection of the laws of Texas. Thus, personal jurisdiction against Liberty Mutual Personal does not exist in Texas.

20. Liberty Mutual Personal shares with LMIC the systems, hardware, software, websites, and methods that LMIC uses to market, make offers, communicate with customers, and provide customer service as part of the insurance business (hereinafter referred to as "shared resources"), which systems, software, websites, and methods have been accused by Defendants of infringing the '938 and '366 patents in the Texas Action. Thus, based on the patent infringement allegations against LMIC in the Texas Action, and Liberty Mutual Personal's use of shared resources with LMIC, Liberty Mutual Personal is reasonably apprehensive of claims of patent infringement against itself that satisfy the standards for declaratory judgment.

21. In light of the actions taken by Defendants against LMIC and other similarly situated insurance and financial services companies, as described in the foregoing paragraphs, Liberty Mutual Personal believes that an actual controversy exists between it and Defendants over whether Liberty Mutual Personal's shared resources have infringed, and are continuing to infringe, the '938 and '366 patents, and whether the patents are valid.

22. The controversy between Liberty Mutual Personal and Defendants, who have adverse legal interests, is substantial, immediate, and real. Liberty Mutual Personal is in a position of either pursuing arguably illegal behavior or abandoning that which it has a right to do.

23. This controversy is continuing and ongoing, and is ripe for resolution by this Court.

## COUNT I

**(Invalidity of the '938 patent)**

24. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

25. One or more of the claims of the '938 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

26. To resolve the legal and factual questions raised by Plaintiff and to afford relief from the uncertainty and controversy precipitated by Defendants, Plaintiff is entitled to a declaratory judgment that one or more of the claims of the '938 patent is invalid.

## COUNT II

### (Non-Infringement of the '938 patent)

27. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

28. Plaintiff does not infringe any valid and enforceable claim of the '938 patent.

29. To resolve the legal and factual questions raised by Plaintiff and to afford relief from the uncertainty and controversy precipitated by Defendants, Plaintiff is entitled to a declaratory judgment that Plaintiff does not infringe any valid and enforceable claim of the '938 patent.

## COUNT III

### (Invalidity of the '366 patent)

30. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

31. One or more of the claims of the '366 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

32. To resolve the legal and factual questions raised by Plaintiff and to afford relief from the uncertainty and controversy precipitated by Defendants, Plaintiff is entitled to a declaratory judgment that one or more of the claims of the '366 patent is invalid.

## COUNT IV

### (Non-Infringement of the '366 patent)

33. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

34. Plaintiff does not infringe any valid and enforceable claim of the '366 patent.

35. To resolve the legal and factual questions raised by Plaintiff and to afford relief from the uncertainty and controversy precipitated by Defendants, Plaintiff is entitled to a declaratory judgment that Plaintiff does not infringe any valid and enforceable claim of the '366 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment in its favor and against Defendants as follows:

A. Declaring that each claim of the '938 patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112;

B. Declaring that Plaintiff has not infringed, and will not infringe, any valid and enforceable claim of the '938 patent;

C. Declaring that each claim of the '366 patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112;

D. Declaring that Plaintiff has not infringed, and will not infringe, any valid and enforceable claim of the '366 patent;

E. Enjoining Defendants and those in privity with Defendants from asserting the '938 patent against Plaintiff and its representatives, agents, subsidiaries, and vendors;

F.    Enjoining Defendants and those in privity with Defendants from asserting the '366 patent against Plaintiff and its representatives, agents, subsidiaries, and vendors; and

G.    Awarding Plaintiffs such other relief as is just and proper.

Respectfully submitted,

ROPES & GRAY LLP

Dated: August 19, 2011      By: /s/ James R. Myers
James R. Myers (D.C. Bar No. 231993)
Nicole M. Jantzi (D.C. Bar No. 488138)
Ropes & Gray LLP
One Metro Center
700 12th Street, NW, Suite 900
Washington, DC 20005-3948
(202) 508-4600

Attorneys for Plaintiff,
Liberty Mutual Personal Insurance Company